UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIERRA MARTIN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 4:25-cv-00086-SEP |
| ) | |
| ST. LOUIS METROPOLITAN POLICE ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Kierra Martin's Application to Proceed in District Court Without Prepayment of Fees and Costs, Doc. [2]. On review of the application and financial information provided therein, the Court grants the application and waives the filing fee. For the reasons set forth below, the case is dismissed without prejudice.

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (citation modified) (quoting *Iqbal*, 556 U.S. at 678); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court must accept factual allegations in the complaint as true but is not required to "accept as true any 'legal conclusion couched as a factual allegation'" (quoting *Iqbal*, 556 U.S. at 678)).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court

should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  Still, even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff files the Complaint under 42 U.S.C. § 1983, alleging that the St. Louis Metropolitan Police Department and the Council Tower Apartments violated her constitutional rights.[1]  For her statement of claim, she writes:

> 1. What happened to you?  Found my love one dead on the floor
> 2. When did it happen?  January 13, 2025
> 3. Where did it happen?  St. Louis City
> 4. What injuries did you suffer?  Death of a loved one
> 5. What did each defendant personally do, or fail to do, to harm you?
>
> Officer on the scene didn't investigate the scene correctly.  Kept saying it wasn't foul play didn't get footage of last [e]ncounters with loved one left [potential] evidence didn't secure the scene.  I ask officers can they get footage so it won't be lost [or] altered.  And he kept saying no.  Because it's not foul play.  Scene and cause of death doesn't match what they trying to say cause of death is.

Doc. [1] at 5.  For relief, Plaintiff seeks "a judge to . . . order management and the property management [t]o see [who] all was in my love[d] one['s] apartment up until her death.  Retain video footage of all areas.  And last contact from her dwelling." *Id.*  She also seeks video footage of all areas around her loved one's apartment. *Id.*

## DISCUSSION

Plaintiff alleges that Defendants failed to properly investigate a potential crime scene.  A failure-to-investigate claim can be brought pursuant to the Due Process Clause if the plaintiff can show that the actions of the investigating officers shocked the conscience. *Scheeler v. City of St.*

---

[1] Ms. Martin names as Plaintiffs herself and other family members.  Because this action is subject to dismissal on other grounds, the Court does not address the issue of standing. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (A party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").

2

*Cloud, Minn.*, 402 F.3d 826, 831 (8th Cir. 2005) (citing *Wilson v. Lawrence Cnty.*, 260 F.3d 946, 956 (8th Cir. 2001)). Plaintiff "must show that the defendants displayed a deliberate indifference to [plaintiff's] right to access the courts through their investigation of [their relative's] death." *Id.* Because Plaintiff has not identified any part of the investigation that shocks the conscience or shows deliberate indifference on the part of the police, Plaintiff's claims against Defendants for failure to investigate are dismissed.

The claims against the St. Louis Metropolitan Police Department are also subject to dismissal because the Police Department is not a suable entity under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"). As for Defendant Council Tower Apartments, a private company is liable only for actions taken under color of state law. *Crumpley-Patterson v. Trinity Lutheran. Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) ("Section 1983 secures most constitutional rights from infringement by governments, not private parties. Where a private party acts under color of state law, however, it can be held liable under § 1983." (citation omitted)). Plaintiff's failure to allege that the company took any action under color of state law provides an additional basis for dismissal of the claims against Council Tower Apartments.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. 28 U.S.C. § 1915(e)(2)(B).

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [3], is **DENIED** as moot.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 7th day of August, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE