**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KIERRA MARTIN, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:25-cv-00086-SEP |
| | ) | |
| ST. LOUIS METROPOLITAN POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is pro se Plaintiff Kierra Martin's Motion to Seal Case, Doc. [9]. For the reasons set forth below, the motion is denied.

### FACTS AND BACKGROUND

On January 2, 2025, Plaintiff filed a complaint against Defendants St. Louis Police Department and Council Tower Apartments, alleging violation of her constitutional rights. Doc. [1]. Plaintiff alleged that she found a loved one dead on the floor and the reporting police officer failed to investigate properly. Doc. [1]; Doc. [6] (summarizing Complaint). Plaintiff's claims were dismissed on August 7, 2025, for failure to state a claim. Doc. [6]. On November 4, 2025, Plaintiff filed the instant Motion to Seal Case, Doc. [9]. In her motion, she requests that the Court seal "sensitive information" and "[r]edact[] all names [and] addresses from public view." Doc. [9] at 1.

### DISCUSSION

There is a "common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). When evaluating motions to seal, the "court must first decide if the documents in question are 'judicial records,' and if so, must next consider whether the party seeking to prevent disclosure has overcome the common-law right of access." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (quoting *IDT Corp.*, 709 F.3d at 1222-23). "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt*, 885 F.3d at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial

power and [the] resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

Plaintiff moves to file the entire case under seal. In her motion, she requests that the Court seal "sensitive information" and "[r]edact[] all names [and] addresses from public view." Doc. [9] at 1. Although Plaintiff's filing includes forms that cite Eastern District of Missouri Local Rule 13.05 and its requirements, Plaintiff failed to follow Local Rule 13.05 in filing her motion. Among other deficiencies, she failed to file a memorandum in support of sealing or redacted copies of the documents for which she is requesting sealing, making it difficult for the Court to assess precisely what she regards as "sensitive information." On the Court's review, her case file does not appear to contain any confidential information. The only addresses it contains are for Plaintiff herself and appear to be erroneous. *See* Docs. [4], [8], [10] (noting mail returned undeliverable from three different addresses). And Plaintiff names "Kimberly Martin" and "other children, siblings" as other co-Plaintiffs. Doc. [1]. Plaintiff provides no compelling reason for sealing such information that might outweigh the public's right of access to the courts.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Seal Case, Doc. [9], is **DENIED**.

Dated this 20th day of January, 2026.

 

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE